## MAYOR AND CITY COUNCIL OF HAVRE DE GRACE *vs.* MARY ELMA FLETCHER.

*Rules of Court of Appeals as to Records and Briefs—Sufficiency of Declaration in Action Against Municipal Corporation for Its Negligent Failure to Abate Dangerous Nuisance.*

An appeal will not be dismissed merely because the appellant failed to pay the cost of printing the record within ten days after receipt of notice from the Clerk of the Court of Appeals, as is required by Rule 34, if the record was in fact printed and ready when the cause was called for argument in regular order.

An appeal will not be dismissed on account of the failure of the appellant to furnish copies of his brief to opposing counsel three days before the case is called for argument, as is required by Rule 36 of this Court. That rule prescribes a different penalty for failure to comply with it.

In an action against a municipal corporation, the declaration alleged that it was the duty of the defendant to use reasonable care to keep the public streets and sidewalks of the city in a safe condition for public travel and to prevent and remove all nuisances therefrom; that, neglecting said duty, defendant did on a certain day and for a long time prior thereto, permit designated persons to stack beer kegs to a height of about eight feet on or near one of the public streets in

such a negligent manner as to be dangerous to passers-by on that street; that on said day, while the infant plaintiff was passing along the street and using due care, one of the said beer kegs, so negligently stacked, fell upon her, causing injuries which necessitated the amputation of one of her legs. *Held,* upon demurrer, that this declaration states a good cause of action.

*Decided February 11th, 1910.*

Appeal from the Circuit Court for Harford County where there was a judgment on verdict for the plaintiff for $9,000.

The cause was submitted to the Court on briefs by:

*James J. Archer* and *P. L. Hopper,* for the appellant.

*Arthur L. Jackson, Fahey & Brown* and *Thomas H. Robinson,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

A motion to dismiss this appeal has been filed upon the ground that the cost of printing the transcript of the record was not paid by the appellant or its counsel within ten days from the receipt of the notice from the clerk of this Court, stating the amount of the cost of printing the same, and that the time for the said payment was not extended by agreement of counsel nor by order of this Court, as provided by Rule 34 of this Court. The transcript of the record was received by the clerk of this Court on October 15th, 1909, and a bill of the cost of printing the same was sent by him to the appellant's counsel on October 20th, 1909, and received by him in due course of mail, but the costs were not paid until December 20th, 1909, and the case was called in its due course on the docket of this Court, and was submitted on briefs January 21st, 1910.

The object of this rule is primarily to secure prompt payment of the cost of printing the record in order that no un-

necessary delay in the argument of cases in their regular order may be occasioned for want of the printed record, and secondarily, in order that counsel may be provided with printed copies of the record in due time for convenient preparation and exchange of their briefs as provided by Rule 36. There is no provision in Rule 34 that an appeal shall be dismissed for non-compliance with the rule and no penalty of any character is provided for non-compliance. The record was ready when the case was called, as were the printed briefs of counsel, on both sides. No delay in the business of the Court was occasioned by the failure to pay the costs of printing the record within ten days after notice of the amount of the costs, and an inspection of the character of the record in this case shows that it could not have been necessary to aid in preparing the briefs. No inconvenience therefore has been caused to any one in the matter. Under such circumstances it would operate as an injustice to deprive this defendant of the right of appeal.

Rule 36, sec. 2, which requires counsel to furnish copies of their briefs to opposing counsel not less than three days before the case is called for argument, provides, that upon failure of either party to comply with that section of the rule, the one not in default may have the case *continued* at the cost of the other party, or may proceed with the oral argument and file within six days thereafter, a printed argument in reply to the brief on the other side, the cost of printing the same to be taxed against and recovered from the party in default; but it does not require or authorize dismissal of the appeal for such default.

In a case like the present, where it should be made to appear that the want of the record interfered with the preparation of the briefs, or prevented their exchange before the case was called, it would be ground, either for continuance upon the application of the party not in default, or for the exercise of the alternative privilege provided by Rule 36, but the motion to dismiss in this case must be overruled.

The only question presented by this record arises upon the action of the Circuit Court for Harford County in overruling the defendant's demurrer to the plaintiff's second amended declaration, which we will transcribe in full.

*Second Amended Declaration.*

State of Maryland, Harford County, Sct.:

Mary Elma Fletcher, infant under the age of twenty-one years by J. Archer Fletcher, her father and next friend, by Michael H. Fahey and A. Freeborn Brown, attorneys, sues the Mayor and City Council of Havre de Grace, a corporation duly incorporated under the laws of the State of Maryland, John H. Saricks, Mary A. Saricks and George H. Saricks.

First. For that the defendant the Mayor and City Council of Havre de Grace aforesaid is a municipal corporation of·the State of Maryland, charged by the law with the duty of caring for and maintaining the streets, alleys and sidewalks of the City of Havre de Grace and of keeping the same fit and safe for public travel, and charged with the duty to remove and abate *all* nuisances and obstructions on said streets, alleys and sidewalks, and it was at the time of the injuries hereinafter mentioned and is now the duty of said body corporate to use reasonable care and caution to keep all of the public streets, alleys and sidewalks in safe condition for public travel and to prevent and remove all nuisances therefrom (or on or from any lots within the limits of the city) and disregarding and neglecting the said duty and obligation imposed upon it the said defendant the Mayor and City Council of Havre de Grace did on the 26th day of June, 1908, and for a long time prior thereto permit the said John H. Saricks, Mary A Saricks and George H. Saricks to stack beer kegs on or near the side of Water street, one of the public traveled streets of said city, near or at its intersection with Otsego street in such a manner as to be dangerous to persons passing along and upon said street and failed and neglected to remove the same and failed and neglected to require the said John H. Saricks, Mary A. Saricks and

George H. Saricks to remove the said beer kegs so stacked by them on or near the side of said street, and that on the 26th day of June, 1908, the date above mentioned these beer kegs were stacked on or near the side of Water street at or near its intersection with Otsego street to the height of about eight feet by the said John H. Saricks, Mary A. Saricks and George H. Saricks, and that on said day and date while the said infant plaintiff was passing along and upon the sidewalk of said Water street at or near its intersection with Otsego street where the public using said street travel at all times, and while said infant plaintiff was using due care, one of said beer kegs fell upon said infant plaintiff, knocking her down and injuring her left leg so seriously that as a result of said injury said left leg had to be amputated below the knee and other injuries were inflicted upon her as a result of which said infant plaintiff suffered great pain and is permanently injured.

Second. And for that the defendant the Mayor and City Council of Havre de Grace aforesaid is a municipal corporation of the State of Maryland, charged by the law with the duty of caring for and maintaining the streets, alleys and sidewalks of the City of Havre de Grace and of keeping the same fit and safe for public travel, and charged with the duty to remove and abate all nuisances and obstructions on said streets, alleys and sidewalks, or on or from any lot within the limits of the city, and it was at the time of the injuries hereinafter mentioned and is now the duty of said body corporate to use reasonable care and caution to keep all of the public streets, alleys and sidewalks in safe condition for public travel and to prevent and remove all nuisances therefrom (or on or from any lot within the limits of the city) and disregarding and neglecting said duty and obligation imposed upon it the said defendant, the Mayor and City Council of Havre de Grace, did on the 26th day of June, 1908, and for a long time prior thereto permit the said John H. Saricks, Mary A. Saricks and George H. Saricks, who conducted a hotel known as Saricks' Hotel, on the northwest corner of

Water and Otsego streets in the said city of Havre de Grace, it being the same property described in a deed from Lewis K. Herbst to the said Mary A. Saricks, dated the 19th day of November, 1881, and recorded among the Land Records of Harford County, in Liber A. L. J. No. 49, folio 19, to stack beer kegs on or near said Water street, one of the public traveled streets of said city, at or near its intersection with Otsego street and near said hotel, in such a negligent manner as to be dangerous to persons passing along and upon said street and failed and neglected to remove the same and failed and neglected to require the said John H. Saricks, Mary A. Saricks and George H. Saricks to remove the said beer kegs *so* negligently stacked by them on said street, and that on the 26th day of June, 1908, the date above mentioned, a number of beer kegs were negligently stacked on or near said Water street at or near its intersection with Otsego street and near the hotel so conducted by the said John H. Saricks, Mary A. Saricks and George H. Saricks to the height of about eight feet by the said John H. Saricks, Mary A. Saricks and George H. Saricks or their agents and servants and that on the said day and date while the said infant plaintiff was passing along and upon the sidewalk on said Water street and using due care, at a point where the public using said street travel at all times, one of the said beer kegs fell, by reason of the negligent and dangerous manner in which they had been piled, upon said infant plaintiff, knocking her down, and injuring her left leg so seriously, that as a result of her said injury the said left leg of the infant plaintiff had to be amputated below the knee, and other injuries were inflicted upon her, and as a result of which said injuries, said infant plaintiff has suffered great pain and is permanently injured, and that the said infant plaintiff was using due care and caution, and was not guilty of negligence directly contributing to the happening of the accident. And the plaintiff claims $25,000 damages.

In *Maenner* v. *Carroll*, 46 Md. 212, JUDGE ALVEY stated the essential averments of a declaration in an action for neg-

ligence, in language of singular clearness and brevity. He said: "To constitute a good cause of action, in a case of this nature, there should be stated a right on the part of the plaintiff, a duty on the part of the defendants in respect to that right, and a breach of that duty by the defendants, whereby the plaintiff has suffered injury."

The declaration in the case before us, in both counts, alleges that the defendant is a municipal corporation of the State of Maryland, and then proceeds to aver that it was charged by law with the *duty* of caring for its streets, alleys and sidewalks and of keeping the same fit and safe for public travel, and that it was charged with the duty to remove and abate all nuisances and obstructions on said streets, alleys and sidewalks, or on or from any lots within the limits of said city. In averring this *duty* the declaration recites the exact language of the charter conferring *power* upon the defendant, and it is a familiar principle "that when a statute confers power upon a corporation to be exercised for the public good, the exercise of the power is not merely discretionary, but imperative, and the words 'power and authority,' in such case, may be construed *duty* and obligation." There was therefore a duty on the part of the defendant under its charter to prevent and remove all nuisances on its streets and sidewalks, or on or from any lots within its limits.

The first count further avers that the defendant on June 26th, 1908, and for a long time before, neglecting the said duty imposed upon it, permitted certain persons who conducted a hotel in said city to stack beer kegs on or near the side of one of the travelled streets of the city in such manner as to be dangerous to persons using said street, and neglected either to remove said beer kegs or to require the persons conducting the hotel to remove them, and that on the day mentioned, while the infant plaintiff was walking on said street and using due care, one of said kegs fell upon her and so seriously injured her as to require the amputation of one of her legs. The second count differs but slightly in phrase-

ology from the first count. Indeed the only difference is that the hotel property is minutely described, and that the defendant permitted said beer kegs to be stacked in such a *negligent* manner as to be dangerous to passers by, while the first count charged that they were stacked in such a manner as to be dangerous to passers by. The appellant's counsel in their brief seek to argue that no question of negligence is presented by the language, of this declaration, but we cannot agree with this contention. We think the allegation of the first count that the kegs were permitted to be stacked "in such a manner as to be dangerous to passers by" is a sufficient averment of negligence on the part of the defendant; but even if it could be held otherwise, the averment of the scond count that the defendant permitted the beer kegs to be so *negligently* stacked as to be dangerous to passers by, is a positive and direct averment of negligence on the part of the defendant, and as the demurrer was to the whole declaration, it could not avail even if the first count were held defective.

There is a strong analogy between this case and *DeFord's Case*, 30 Md. 179, where the nuisance charged was the erection of a defective wall upon the premises of DeFord which fell upon Mrs. Keyser as she was passing on the street and caused her death. In that case Judge Alvey said: "The wall was immediately fronting on a public street in a large city, and if the testimony offered on the part of the plaintiff be true it was constructed in a most defective and dangerous manner; so much so, that it excited the alarm and apprehension of hundreds of people as they passed and caused them to avoid the pavement in its immediate front. If this be so, it certainly constituted a nuisance, for which DeFord would be liable."

Here the demurrer admits the kegs were so negligently stacked as to be dangerous to passers by; and the negligent stacking of beer kegs, lumber or any other material on or near the line of a street is obviously as much a nuisance as the erection or maintenance of a defective wall. See also

*Murray* v. *McShane,* 52 Md. 224, where the *DeFord Case* was fully approved.

There is no difference between the liability of a municipal corporation with such a charter as the defendant has, and that of an individual. In *Mayor and City Council* v. *Marriott,* 9 Md. 174, JUDGE MASON said, speaking of similar language in the charter of Baltimore City: "We are of opinion that the effect of the provision in the statute just cited, was to place the corporation of Baltimore, in regard to their obligations to prevent and remove nuisances, upon the same footing which is held by individuals and private corporations."

The right of the plaintiff to use the public streets for the purposes for which they are constructed and maintained was not, and could not be, questioned, and the demurrer admits the averment of the narr. that she was using due care while passing the spot where she was injured, and also that the injury she received was the result of the fall of one of the kegs negligently piled as charged.

The duty neglected by the defendant in this case was a duty to the plaintiff in respect to the right which as a member of the public she enjoyed in the free and safe use of the public streets, and the special and peculiar damages she has suffered by reason of the breach of duty by the defendant entitled her to maintain a special action against the defendant.

The demurrer was properly overruled, and the judgment appealed from must therefore be affirmed.

> *Judgment affirmed, with costs to the appellee above and below.*