CONRAD ET AL. *v.* CITY OF TAKOMA PARK ET AL.

[No. 35, October Term, 1955.]

*Decided December 2, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*John R. Reeves* for the appellants.

*Vincent L. Gingerich* for the City of Takoma Park.

*B. Houston McCeney,* with whom was *Nicholas Orem, Jr.,* on the brief, for the Washington Suburban Sanitary Commission.

*Jerrold V. Powers,* with whom were *Lansdale G. Sasscer* and *Sasscer, Clagett & Powers* on the brief, for Pasquale M. Marinelli.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for the appellees, entered after the trial court sustained demurrers to an amended declaration without leave to amend. The declaration first set out the general duty of the city and the Sanitary Commission, and their contractors and agents, to keep the streets and installations therein reasonably safe for the use of the public, and to exercise due care in the excavation of any openings in the streets. While not expressly stated, it may perhaps be inferred that a contractor and subcontractor had been employed by the Sanitary Commission to install or repair a water main in the public street, and that an excavation had been made for that purpose.

The declaration then recites that the defendants "wrongfully and negligently placed and suffered and permitted to be maintained, on a windy day, upon the public highways known as Larch Avenue and Heywood Avenue in the City of Takoma Park, Maryland, open flames; that the said open flames were so wrongfully and negligently placed and suffered and permitted to be maintained upon the public highway aforesaid by the defendants, and each of them, and by their and each of their agents, servants and employees, in such manner as to create and constitute a dangerous and hazardous condition from the fire of such open flame upon the public highway as aforesaid; that such open flames were

wrongfully, negligently and carelessly placed and suffered and permitted to be maintained upon the public highway aforesaid by the defendants and each of them, and by their and each of their agents, servants and employees, in the daylight hours, well knowing that children of tender years and other persons passed upon and across the public highway, in and about the vicinity of the said open flames and that such open flame, so located as aforesaid, created and constituted a condition in the said public highway that was a dangerous and unsafe condition for persons then and there lawfully using the said highway.

"And on the day and year aforesaid [September 17, 1953], at or about 3:45 p.m. at the intersection of Larch Avenue and Heywood Avenue in the City of Takoma Park, Maryland, the plaintiff, John Conrad, an infant of six years of age, conducting himself in a careful and prudent manner, while passing near the open flame aforesaid, and upon the public highway, and as a result of the negligence and carelessness of the defendants and each of them, and of their and each of their agents, servants and employees, in creating and maintaining the dangerous and hazardous condition aforesaid upon the said public highway, was burned by the said open flame * * *."

Stripped of redundancies, the allegation is simply that the defendants wrongfully and negligently placed open flames upon the highway in such manner as to constitute a dangerous and hazardous condition from the fire of the open flames, and that the plaintiff, conducting himself in a prudent and careful manner, passed so close to one of the open flames that he was burned. The declaration does not inform us of the type of inflammable material or containers, nor does it rely on any defects therein or negligence in the selection of a particular type. Presumably the containers were kerosene flare-pots of the type in common use, and they presented no latent danger, but only the patent danger of any open

flame to a person approaching it too closely on a windy day. The declaration does not inform us of the manner in which the containers were placed. Presumably they were placed around the excavation and their contents ignited to warn persons using the street of the excavation. In the absence of any statute or ordinance forbidding the use of open flames for this purpose, it can hardly be maintained that such a use would be negligence *per se*.

The appellants contend, however, that the declaration is sufficient in that it sets forth the duty owed by the defendants to passersby and alleges a negligent breach of that duty, with resultant injury, and an absence of contributory negligence. But the duty alleged was simply the general duty to keep the streets reasonably safe for the use of all persons. If it were not negligence *per se* for the defendants to place an open flame upon the highway for warning purposes, it would seem that there was no breach of duty. Certainly no special circumstances, to suggest an unreasonable or unnecessary use of the flares, are alleged. The flame itself constituted a warning. It if were proper to illuminate the excavation, it was hardly necessary to post another warning of the presence of the warning signal. To characterize the action in placing the flame on the highway as negligent adds nothing to the statement of fact, and in the context would seem to be no more than a conclusion of law.

We have found no case directly in point, but in *Livingston v. Stewart & Co.*, 194 Md. 155, 159, after noting that no great particularization of facts and circumstances is necessary in stating a cause of action for negligence, it was said: "There must, however, be 'certain and definite allegation of the circumstances' sufficient to show a duty owed by defendant to plaintiff and a breach by defendant of that duty, as well as resulting injury. * * * And 'the general characterization of an act or omission as negligent or of a condition as unsafe is not usually a sufficient statement of the supposed ground

of liability.' *Phelps v. Howard County,* 117 Md. 175, 177, 82 A. 1058, 1059." The decision is not in point, because it turned upon the question whether the plaintiff could rely upon inferences from the facts alleged, under the evidentiary doctrine of *res ipsa loquitur.* Cf. *Lusby v. Baltimore Transit Co.,* 199 Md. 283.

The appellants rely upon the statement in *Miller v. Howard,* 206 Md. 148, 153, that "To constitute a good cause of action in tort, the declaration should clearly and distinctly set forth the injuries complained of, and allege that they were caused by the negligence of the defendant, and that the plaintiff himself exercised due care." No doubt this statement is correct in simple situations involving an easily recognized breach of duty. See the discussion of the Maryland cases in *Kaiser, "Pleading Negligence in Maryland",* 11 Md. L. R. 102. But the court recognized in the *Miller* case that a declaration must contain "a plain statement of the facts necessary to constitute a ground of action." Allegations as to the latent danger of a mound of soil, over which a tenant was compelled to pass, and which collapsed because of the negligent manner in which the soil had been replaced in an excavation, were held sufficient. In the instant case there was no latent danger, and the statement constituting the gist of the action amounts to no more than that the defendants used an open flame as a warning device.

*Havre de Grace v. Fletcher,* 112 Md. 562, is likewise distinguishable. There an action against the city was based upon the claim that for a long time the city had permitted certain hotel proprietors to stack beer kegs in a negligent manner on or so near the street as to constitute a latent danger to passersby and a public nuisance, and that the plaintiff using the highway was injured by kegs falling from the stack. The fact that the city failed to abate a nuisance of which it had notice was the gist of the action, and there are no similar allegations in the instant case. Cases such as *Gunther v.*

*Dranbauer,* 86 Md. 1, where the action was based on the failure to light an obstruction in the public way, are not in point here.

The appellants also stress the allegations in the declaration that the open flames were lighted or left burning during daylight hours, the defendants "well knowing that children of tender years and other persons passed upon and across the public highway". They cite the case of *Gilligan v. City of Butte,* 166 P. 2d 797 (Mont.), as being closely in point. In that case, however, the allegations were much more specific, both as to the unusual nature of the flares and the custom to use them only during hours of darkness. There were also allegations as to the proximity of an area where children habitually played, and the decision seems to have been rested upon the ground of "attractive nuisance". Other cases involving "attractive nuisance" are collected in a note, 27 A. L. R. 2d 1187, 1194. On the other hand, in *Clark v. City of Bremerton,* 97 P. 2d 112 (Wash.), the court declined to apply the "attractive nuisance" doctrine to a case involving the burning of a child by a warning flare. That doctrine has not been recognized in Maryland. See *State v. Fidelity Warehouse Co.,* 176 Md. 341, 348, and cases cited. There is nothing in the instant case to suggest that the open flame was a "trap". Cf. *Carroll v. Spencer,* 204 Md. 387, 392. Nor is there any allegation that the plaintiff was attracted to it, but simply that he passed so close to it that he was burned.

Since we think the allegations of the amended declaration were insufficient to make out a cause of action against the defendants who actually placed the warning flares in the street, it is unnecessary to discuss the contentions of the city and the Sanitary Commission that in any event there were no sufficient allegations of notice to charge them with responsibility for the alleged negligence of the contractor and subcontractor.

*Judgment affirmed, with costs.*