## RITTER et al. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 195, September Term, 1958.]

*Decided April 14, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Stanley Sollins,* with whom was *Fred E. Weisgal* on the brief, for the appellants.

*Paul A. Dorf, Assistant City Solicitor of Baltimore,* with

whom were *Hugo A. Ricciuti, City Solicitor,* and *F. Clifford Hane, Deputy City Solicitor,* on the brief, for the appellee.

PER CURIAM.

A child's clothing caught fire from a flare pot put out by the defendant city as a warning of danger on account of construction work in one street near its intersection with another in a populous residential area. The child and her parents sued the city for alleged negligence, the city's demurrer was sustained and the plaintiffs appeal.

We think that this case is governed by *Conrad v. City of Takoma Park,* 208 Md. 363, 118 A. 2d 497, which is very similar on its facts. The plaintiffs' allegations in the instant case are more specific than those in the *Conrad* case, but we do not think that they differ materially from what was stated to be the substance of the allegations in that case. The more detailed allegations in the instant case smack strongly of the doctrine of attractive nuisance. Though the appellants disclaim reliance on that doctrine, their principal authorities appear to be founded upon it. That doctrine is not accepted in this State (*Conrad v. City of Takoma Park, supra; State v. Baltimore Fidelity Warehouse Co.,* 176 Md. 341, 4 A. 2d 739). We think that here, as in the *Conrad* case, the allegations are insufficient to show the use of flare pots was of itself negligent.

*Judgment affirmed, with costs.*