**William R. OTT, Jr., William R. Ott, Plaintiffs,**

v.

**WASHINGTON GAS LIGHT CO., J. H. De Veau & Son, Inc., Defendants.**

Civ. A. No. 2691-58.

United States District Court District of Columbia.

June 4, 1962.

**816**

Arthur J. Hilland, James E. Hogan and J. Robert Carey, Washington, D. C., for plaintiffs.

Richard W. Galiher and Edward Gallagher, Washington, D. C., for defendant Washington Gas Light Co.

Paul R. Connolly, Jr. and James J. Cromwell, Washington, D. C., for defendant J. H. De Veau & Son, Inc.

HOLTZOFF, District Judge.

This is a motion for a directed verdict made by the two defendants at the close of the plaintiffs' case on the issue of liability. The action is brought to recover damages for personal injuries sustained by a little boy three and a half years old, by being burned by an open flame of a flare pot set out in the street as a warning of the presence of a barricade and excavation. The suit was filed in behalf of the infant by his father as next friend and by the father in his own right.

In view of the fact that the defendants at the opening of the trial raised a seriously debatable question as to their legal liability, the Court directed plaintiffs' counsel to introduce all of their evidence on the issue of liability first, withholding any testimony on the issue of damages for the time being. The Court further indicated that at the conclusion of the plaintiffs' evidence on the issue of liability, it would entertain and pass on the defendants' motions for a directed verdict, which were to raise and present the question whether there was any legal liability on their part or either of them. The evidence on the part of the plaintiffs on the issue of liability has been concluded and the defendants have moved for a directed verdict.

The salient facts may be briefly summarized. The defendant, Washington Gas Light Company, is a public utility engaged in the business of supplying il-

luminating gas in the city of Washington and the metropolitan area surrounding the city. In the course of its activities it has occasion from time to time to make excavations in the streets for the purpose of repairing, replacing or installing gas mains. Its practice has been, after completing any work of this kind, not to have the excavation covered and closed by its own employees, but to delegate that task to the defendant, J. H. De Veau & Son, Inc., which is a corporation engaged in the business of making street repairs.

On the occasion involved in this case, the defendant Washington Gas Light Company made an excavation of the kind mentioned in a suburban hamlet in Prince Georges County, Maryland, known as Deer Park Heights. This suburb is in effect a cul-de-sac and no through traffic operates through it. It is inhabited by families, many of whom have little children. On the day before the unfortunate accident, the defendant De Veau was repairing the excavation pursuant to an order placed with it by the Washington Gas Light Company. At the close of the working day, the workmen erected barricades to protect the excavation and set out flare pots with lighted open flames near the barricade as a warning to passers-by and motorists.

On the following morning shortly after 10:00 o'clock, the flare pots were still burning. The infant plaintiff was playing in the street with his older sister and other children in the neighborhood and somehow or other came in contact with the open flame of one of the flare pots and was badly burned. This action is brought to recover damages for the serious personal injuries sustained by the little boy as the result of this tragic episode.

■■■ The place where the accident occurred is located in Prince Georges County, Maryland, which adjoins the city of Washington. The liability of the defendants and the plaintiffs' right to recover is therefore governed by the law of Maryland, and the Court must consequently turn to that law. Maryland has expressly declined to recognize and accept what is generally known as the doctrine of "attractive nuisance", which imposes a special and peculiar liability in respect to minor children, State, to Use of Alston, v. Baltimore Fidelity Warehouse Co., 176 Md. 341, 346, 4 A.2d 739. It follows that the defendants were under no greater liability to a little child than they would have been to an adult under the circumstances of this case. The mere fact that young children were wont to play in this area and that the plaintiff was one of those children, would create no basis for liability under the law of Maryland, although perhaps it would be otherwise in other jurisdictions. The only difference, of course, is that a child of tender years, such as the infant plaintiff, would not be charged with contributory negligence as would be the case with an adult plaintiff, Miller v. Graff, 196 Md. 609, 620, 78 A.2d 220; LeFebvre v. United States, D.C., 178 F.Supp. 176, 178.

■■■ It is also the law of Maryland that the use of flare pots burning open flames for the purpose of warning the public of the presence of repair work and barricades on highways, is not negligence and that it is lawful to use devices of this type with this objective in view, Conrad v. City of Takoma Park, 208 Md. 363, 118 A.2d 497; Ritter v. Baltimore City, 219 Md. 477, 150 A.2d 260. In other words, there is no basis for any finding of negligence in the fact that the defendants selected flare pots with open flames as warning devices as against other means of illumination, such as lanterns or electric lamps. The defendant De Veau had the right to choose any available instrument for the purpose for which it was used. The mere fact that other means were available that might have been less hazardous or dangerous is immaterial. It might be noted that the law is otherwise in some other jurisdictions, but that again does not affect the disposition of this case.

The right to employ a particular lawful mechanism or device, however, does not relieve its user of the duty to use due

care in connection with employing it. The obligation to exercise care in utilizing any device or instrument of any kind for any purpose is a basic principle of the law of negligence. For example, it is lawful to light a campfire, but it would be negligence for the campers who have ignited it to depart, abandon the camp, and leave the fire burning or even smoldering. To take an extreme example, it is lawful to drive an automobile, but, nevertheless, failure to exercise due care in operating it constitutes negligence. Potential danger lurks in any open, unguarded flame, no matter how lawfully it may be used.

The ultimate question in this case, therefore, is whether there is any basis for a contention that the defendant De Veau was guilty of any failure to exercise due care in connection with employing these flares, and whether there is substantial evidence of lack of due care to justify the submission of the question to the jury. The flares in question were intended primarily to illuminate dangerous sites between sunset and sunrise as a means of warning to pedestrians and motorists. There is a basis for an inference that these flares served no useful purpose during daylight hours because barricades would obviously be visible without any artificial illumination at that time. That there was no object in keeping these flares burning during daylight hours appears from the very fact that it was the practice of De Veau to extinguish them some time after sunrise and not to relight them until the end of the working day. In this case the flares were still burning more than three hours after sunrise, because it was stipulated that the sun rose at 6:30 a. m. that morning, while the accident took place shortly after 10:00 a. m.

May it be said that in permitting the flares to continue burning and failing to extinguish them within more than three hours after daylight, the defendant De Veau was guilty of a lack of due care and, therefore, of negligence? In this connection it is important to observe why these flares had not been extinguished at the time of the accident. The evidence shows that it was the practice of the defendant to extinguish flares after sunrise. For this purpose it was customary for the foreman of the defendant's crew to send out two men in a pickup truck after the crew appeared at the opening of the working day between 7:00 and 7:30 a. m., and to have these men visit each project at which the flares had been lighted on the preceding evening, and to pick up and extinguish them. The practice was for these men to proceed to the furthest point at which a project was in operation and then to drive back from project to project, finally ending up at the project nearest the point at which the workmen had originally assembled. The evidence further showed that on the day in question the furthest project was a considerable distance away on a highway known as Indian Head Highway; that it took considerable time for the two men delegated to the task to reach that point, and they had been unable to work their way back to the site in question by the time the accident occurred.

The Court is of the opinion that there is a question for the jury to determine whether it was unreasonable for the defendant De Veau not to have extinguished these flares earlier than three and a half hours after sunrise and whether in view of the special circumstances existing that morning, more than one group of men should have been sent out to pick up and extinguish flares. The Court is of the opinion that there is a question for the jury to determine whether there was any lack of due care in failing to extinguish the flares within a reasonable time after sunrise, and whether three and a half hours would constitute a reasonable time.

A somewhat similar case was decided by a Missouri court, Bronson v. Kansas City, Mo.App., 323 S.W.2d 526. While this decision was by an intermediate appellate court and not by a court of last resort, nevertheless, its reasoning is very persuasive. While a great deal of the discussion contained in that opinion does

not apply to the case at bar, because Missouri accepts the doctrine of attractive nuisance, nevertheless, some of its reasoning is pertinent. In that case the flares were maintained by the city, and it was the practice of the city to have the flares visited once a day and relighted. They were not extinguished in the morning because to do so would have required two visits a day. The city pursued this course as a matter of economy. The Court held that the jury had a right to find that failure to extinguish the flares within a reasonable time after sunrise constituted negligence.

It is argued by able counsel for De Veau, however, that the Conrad and Ritter cases, to which reference has been made, should be construed as going as far as holding that no negligence can be predicated on the fact that the flares were not extinguished during daylight hours. This Court does not agree with this contention. In the opinion in the Conrad case, 208 Md. 363, at 367, 118 A.2d 497, at 498, it was stated that: "No special circumstances, to suggest an unreasonable or unnecessary use of the flares, are alleged." The necessary implication is that if there are any special circumstances suggesting an unreasonable or unnecessary use of the flares there may be liability. In this case the evidence is sufficient to submit to the jury the question whether there was an unreasonable or an unnecessary use of the flares in question.

So, too, the declarations in the Conrad and Ritter cases were largely predicated on the attractive nuisance doctrine, which Maryland has repudiated, and the cases are distinguishable insofar as concerns the question of negligence in the manner in which the flares were used.

This Court is proceeding on the premise that the doctrine of attractive nuisance is not applicable, and it assumes that the question whether the defendant was negligent is to be tested in the same manner as though the injured person were *sui juris*.

Counsel for the defendant also points to the fact that there was an allegation in the declaration in the Conrad case that the accident occurred during daylight hours, specifically about 3:45 p. m., which obviously must have been considerably, possibly several hours, before sunset. There is a difference in principle, however, or at least a question for the jury, between lighting flares at the end of the working day and prior to sunset, and permitting these flares not to be extinguished for more than three hours after sunrise of the following day merely because an insufficient number of men were delegated to the job of visiting the various projects in which the defendant was engaged and extinguishing the flares. Consequently, the Court concludes that the Conrad and Ritter cases are applicable insofar as they hold that no charge of negligence may be properly predicated against the defendant De Veau solely on the basis that flares and open flames were used. These cases do not go so far as to hold that due care need not be exercised in the use of these flares.

So far as the Ritter case is concerned, it adds nothing to the Conrad case. The opinion is a short *per curiam* opinion, but it does emphasize the fact that the declarations in both cases were based on the doctrine of attractive nuisance, which is not recognized in Maryland.

Accordingly, the Court is of the opinion that there is a question to be submitted to the jury, namely, whether the flares in this case were permitted to burn for more than a reasonable time after sunrise, and whether failure to extinguish them within a reasonable time constituted lack of due care and negligence. Obviously no one can successfully contend that it was necessary to put out the flares on the stroke of sunrise. The question is whether they should have been extinguished within a reasonable time after sunrise and whether three and a half hours were unreasonable.

In view of this discussion the motion of the defendant De Veau for a directed verdict is denied.

The defendant Washington Gas Light Company bases its motion on an

additional ground, as well as joining in the ground urged by De Veau; namely, it is contended in behalf of the Washington Gas Light Company that it is not liable as a matter of law for any negligence of De Veau if De Veau is found guilty of negligence in this case. This contention requires a brief review of the relations between the two defendants. De Veau was a separate and independent corporation engaged in the business of street repairs. The defendant Washington Gas Light Company was accustomed to turn over to the defendant De Veau, as has been stated, the work of repairing and covering up any excavation previously made by the Gas Light Company and restoring the street to its original condition. De Veau had its own employees whom it hired and fired, and whom it paid. It owned the equipment and the material used in its work. There is no contention that De Veau was either an affiliate or subsidiary of Washington Gas Light Company, or that there were any intercorporate or interlocking relations between the two corporations. The evidence indicates that the two concerns were independent of each other, having purely a business relation.

It was the practice of the Washington Gas Light Company, whenever it desired any street repairs made by De Veau, to issue an order on a printed blank, and this course was followed in the case at bar. The Washington Gas Light Company did not supervise the job and had no control over the manner in which the work was done. Clearly De Veau was an independent contractor and there was no master and servant relation between the Gas Light Company and De Veau.

It is claimed, however, in behalf of the plaintiffs that the Gas Light Company exercised such control over the employees of De Veau in connection with the project in question as to be responsible for their negligence. The Maryland law on this point is aptly summarized in Keitz v. National Paving & Contracting Company, 214 Md. 479, 491, 134 A.2d 296, 301, 136 A.2d 229, which contains the following statement:

"The decisive test in determining whether the relation of master and servant exists is whether the employer has the right to control and direct the servant in the performance of his work and in the manner in which the work is to be done."

There is no evidence that the Washington Gas Light Company had the right to control and direct the employees of De Veau in the performance of the work and in the manner in which the work was to be done.

Counsel for the plaintiff points to the fact that the Washington Gas Light Company had an inspector whose function was to visit the various jobs to determine that the work was being done in accordance with the contract contained in the repair order and to make any suggestions or give any advice that might appear proper. Obviously his function was no different from that of an architect employed by a property owner in connection with supervising the construction of a building by a contractor, or the function of any inspector who represents the owner for whom a contractor is doing work. The activities of such an inspector do not constitute such control as to burden his employer with any liability for the negligence of the contractor's employees. Were the law otherwise, it would be a dangerous matter for any property owner to have an architect supervising or representing him in connection with the construction of a building by a contractor, or for any property owner to have an inspector inspecting work that is being done for him.

It is argued, however, by able counsel for the plaintiff that certain duties are imposed on a property owner that are not delegable. Such duties do exist. For example, if the contractor is to perform work on the property of the owner, it is the owner's duty to provide a safe place to work, a duty that he may not delegate. So, too, the property owner would be liable if the injuries were caused by the nature of the project itself rather than by the negligence in the manner in which it is carried out. This distinction is

definitely pointed out by the Court of Appeals of Maryland in Bernheimer Brothers v. Bager, 108 Md. 551, 560, 70 A. 91.

The Court is therefore of the opinion that no basis of liability whatever has been shown as against the Washington Gas Light Company and its motion for a directed verdict will be granted.

In conclusion, the Court hereby grants the motion of the defendant Washington Gas Light Company for a directed verdict in its favor and denies the motion of the defendant J. H. De Veau & Son, Inc., for a directed verdict in its favor.

The trial will proceed on the issue of damages insofar as the second defendant is concerned.