STATE ROADS COMMISSION OF MARYLAND
*v.* LANCASTER, ET AL.

[No. 702, September Term, 1966.]

*Decided December 5, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and SINGLEY, JJ.

*Charles J. Sullivan, Jr., Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for appellant.

*Charles A. Norris* for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

On February 21, 1966, the State Roads Commission filed a petition and plat "finalized" by the signature of the Chairman of the Commission in the Circuit Court for St. Mary's County to acquire by condemnation from the appellees, the Lancasters, 2,195 square feet in fee simple and a perpetual easement in 3,375 square feet of additional land for drainage facilities, paying $25.00 into court. The land was on the west side of Maryland Route 235 just north of Shangra La Drive in Lexington Park. The Commission entered immediately, and swiftly completed construction of the drainage facilities on the land taken and the construction of the improvements to the road near the property. Subsequent to the completion of construction, the Property Review Board of St. Mary's County made an award based on the petition and plat originally filed and its view of the property.

The Commission was dissatisfied with the award—approximately a thousand times the amount paid into court—and filed

its condemnation petition, accompanied by the original plat, in the Circuit Court. Some four months later, after various pleadings had been filed, the Commission filed a petition for leave to amend the original petition and plat, alleging that it had "inadvertently" designated 2,195 square feet as being taken in fee and 3,375 square feet being taken as a perpetual easement, whereas the correct areas to be taken were 152 square feet in fee simple and 5,418 square feet as an easement. The property owners objected to the amendment and Judge Dorsey denied permission to amend the original petition and plat.

We think Judge Dorsey acted correctly. *LaFontaine's Heirs v. LaFontaine's Heirs*, 205 Md. 311; *Concannon v. State Roads Commission*, 230 Md. 118, 122-23; *Concannon v. State Roads Commission*, 231 Md. 87, 92-94. In the last *Concannon* case, which we find to be completely controlling, the Commission, after a taking under the immediate entry provisions, sought to amend the plat to slightly increase the land taken in fee and slightly decrease the easement area and to change the area taken so that no part of the dwelling was within the easement area, as it originally had been. The trial court permitted the amendment and this Court reversed, saying:

> "The time of taking in such cases [of immediate entry] has been settled beyond question by our holding in *LaFontaine's Heirs v. LaFontaine's Heirs*, 205 Md. 311, 107 A. 2d 653 (1954), where Judge Hammond, after a careful review of the authorities, said for the Court (at p. 320 of 205 Md.) that 'where the State Roads Commission is entitled to act under Section 40B of Article 3 of the Constitution and Section 9 of Article 89B of the Code, *and complies with all their requirements*, the taking occurs when there is an actual appropriation of the land to highway purposes.' (Emphasis supplied.) Thus it is plain that the taking of the land and easements here involved occurred when the Commission actually entered upon the property and commenced highway construction on August 1, 1961—more than nine months before passage of the Circuit Court's order granting the Commission leave to amend its petition and plat.

"We think that the words which are italicized in the above quotation from the *LaFontaine* case control our decision on the question whether the second plat had any validity at the time of the taking, so as to justify the Commission's proceeding under it. In the ordinary condemnation case filed under the provisions of the Constitution, Art. III, Sec. 40, the property owner retains his rights and the condemning authority acquires no interest until the actual payment or tender of compensation for the property after trial. Thus, because it has acquired no interest and taken no possessory action, the condemnor in such cases has been permitted to amend or to abandon the project, even after trial. *Brack v. M. & C. C. of Balto.*, 125 Md. 378, 93 Atl. 994 (1915) ; *Lord Calvert Theatre v. Balto.*, 208 Md. 606, 119 A. 2d 415 (1956). But, after the Constitution was amended to permit immediate taking of property by the Commission for highway purposes, the Legislature in the implementing statute laid down careful and detailed requirements which 'the Commission shall adhere to' in the exercise of this extraordinary procedure (Sec. 10 of Art. 89B). The Commission is charged to 'determine the location of the highway' or reconstruction and prepare plats 'showing the fee simple and easement area necessary for acquisition by the Commission', and to make such investigation as is necessary to determine the fair value of the property and rights to be acquired, and resulting damages, if any (Sec. 11). The Commission is then required to 'finalize' and record the plats, and only after payment of the estimated value of the taking to the property owner or into court and the filing of a petition in court is the Commission authorized to 'take possession of the *property designated on the* * * * *plats'*. (Secs. 13-14, emphasis supplied.)

"'The statute does not vest the Commission with authority to change or abandon its plans to acquire what the *recorded* plats show after construction begins. As was said in *LaFontaine* (at p. 320 of 205 Md.), 'The

158

clear implication [of the cases] is that an authorized physical seizure of the property for public use vests in the landowner the right to just compensation and marks the end of the right of the condemnor to abandon.' The same rationale applies to the right to amend, after a taking. * * * [Citations omitted.]

"We think that the meticulous requirements which the Legislature imposed upon the Commission in immediate entry cases, and the language which it employed, as noted above, necessitate the conclusion that the rights of the Commission and of the property owner are fixed and determinable by reference to the plat or plats 'finalized' and of record at the time of the taking of the property, and not to other plats which do not conform to the statutory provisions. The fact that the informal second plat was exhibited to the appellants prior to construction, as was conceded by them, was without significance because they did not agree that construction should proceed in accordance with it. Nor was the change in plans harmless, since the taking fixed appellants' right to just compensation for the property and easements shown on the first plat.

"Likewise, we think that the scheme of Secs. 9-18 of Art. 89B and their phraseology indicate strongly that a taking of a part of the property shown on a 'finalized' and recorded plat is a taking of all."

*Order affirmed, with costs.*